UNITED STATES BANKRUPTCY COURT
NORTHERN **DISTRICT OF** ILLINOIS
EASTERN **DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| TRALON DURRETT | § | Case No. 13-04024 |
| | § | |
| Debtor | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under chapter 7 of the United States Bankruptcy Code was filed on 02/01/2013 . The undersigned trustee was appointed on 02/01/2013 .

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4.  The trustee realized gross receipts of            $        6,078.26

Funds were disbursed in the following amounts:

| | |
|---|---|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 0.00 |
| Bank service fees | 30.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]  $ | 6,048.26 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was  02/16/2017  and the deadline for filing governmental claims was  02/16/2017 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 1,270.56 .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00  as interim compensation and now requests a sum of $ 1,270.56 , for a total compensation of $ 1,270.56 [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 0.00 , for total expenses of $ 0.00 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 03/02/2017                    By:/s/Miriam R. Stein
                                        Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 13-04024 | PSH | Judge: | Pamela S. Hollis | Trustee Name: | Miriam R. Stein |
|---|---|---|---|---|---|---|
| Case Name: | TRALON DURRETT | | | | Date Filed (f) or Converted (c): | 02/01/2013 (f) |
| | | | | | 341(a) Meeting Date: | 03/18/2013 |
| For Period Ending: | 03/02/2017 | | | | Claims Bar Date: | 02/16/2017 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1.  SINGLE FAMILY HOME | 157,210.00 | 0.00 | | 0.00 | FA |
| 2.  CASH | 20.00 | 0.00 | | 0.00 | FA |
| 3.  BANK FINANCIAL - CHECKING ACCOUNT | 48.00 | 0.00 | | 0.00 | FA |
| 4.  STOVE, REFRIGERATOR, MICROWAVE, DISHWASHER | 310.00 | 0.00 | | 0.00 | FA |
| 5.  LIVING/DINING ROOM FURNITURE | 400.00 | 0.00 | | 0.00 | FA |
| 6.  TWO BEDROOM SETS | 175.00 | 0.00 | | 0.00 | FA |
| 7.  COMPUTER AND PRINTER - 8 YRS. OLD | 100.00 | 0.00 | | 0.00 | FA |
| 8.  BOOKS, PHOTO'S | 50.00 | 0.00 | | 0.00 | FA |
| 9.  CLOTHING | 70.00 | 0.00 | | 0.00 | FA |
| 10.  2001 FORD F-250 | 1,989.00 | 0.00 | | 0.00 | FA |
| 11.  2004 CHEVY SILVERADO | 4,983.00 | 3,000.00 | | 0.00 | FA |
| 12.  SYNCHRONY CARD - REFUND  (u) | 0.00 | 0.00 | | 6,078.26 | FA |

Gross Value of Remaining Assets

| | | | | | |
|---|---|---|---|---|---|
| TOTALS (Excluding Unknown Values) | $165,355.00 | $3,000.00 | | $6,078.26 | $0.00 |

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

TRUSTEE PREPARING TFR (3/2/17)

Initial Projected Date of Final Report (TFR): 03/31/2017        Current Projected Date of Final Report (TFR): 06/01/2017

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: 13-04024 | Trustee Name: Miriam R. Stein |
| Case Name: TRALON DURRETT | Bank Name: Associated Bank |
| | Account Number/CD#: XXXXXX8770 |
| | Checking |
| Taxpayer ID No: XX-XXX4308 | Blanket Bond (per case limit): |
| For Period Ending: 03/02/2017 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 11/15/16 | | Sychrony Bank | Refund of bank fee Synchrony Bank refunded Debtor's estate $6,078.26. Asset unscheduled. Estate needed to be re-opened prior to deposit of check. | 1290-000 | $6,078.00 | | $6,078.00 |
| 11/17/16 | 12 | Synchrony Bank | Refund of bank fee Updated receipt log.  First one incorrectly stated amount of check as $6,078.00 instead of correct amount of $6,078.26. Associated Bank logged deposit as $6,078.26.\n\nDelay in deposit of check due to need to re-open closed case by UST prior to deposit. | 1229-000 | $6,078.26 | | $12,156.26 |
| 11/17/16 | | Sychrony Bank | Refund of bank fee Reversal The deposit slip inaccurately listed the check as $6,078.00. The correct amount which was deposited is $6,078.26. | 1290-000 | ($6,078.00) | | $6,078.26 |
| 12/07/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $6,068.26 |
| 01/09/17 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $6,058.26 |
| 02/07/17 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $6,048.26 |

| | | |
|---|---|---|
| COLUMN TOTALS | $6,078.26 | $30.00 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $6,078.26 | $30.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $6,078.26 | $30.00 |
| Page Subtotals: | $6,078.26 | $30.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*

Case 13-04024    Doc 26    Filed 03/14/17    Entered 03/14/17 09:01:11    Desc Main
Document      Page 5 of 10

Exhibit B

### TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX8770 - Checking | $6,078.26 | $30.00 | $6,048.26 |
| | $6,078.26 | $30.00 | $6,048.26 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $6,078.26 |
| Total Gross Receipts: | $6,078.26 |

**Exhibit C**

## Analysis of Claims Register

### Case: 13-04024-PSH TRALON DURRETT

| Claim # | Date | Pri | Claimant Proof/<Category>/Memo | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment |
|---|---|---|---|---|---|---|---|---|
| | | | **Ch. 7 Admin Claims** | | | | | |
| | | 100 | Miriam R. Stein<br>30 South Wacker Drive<br>Suite 2600<br>Chicago, IL 60606<br><2100-00 Trustee Compensation> | 1,270.56 | 1,270.56 | 0.00 | 1,270.56 | 1,270.56 |
| | | | **Total for Priority 100   100.00 % Paid** | 1,270.56 | 1,270.56 | 0.00 | 1,270.56 | 1,270.56 |
| | | | **Total for Ch. 7 Admin Claims:** | 1,270.56 | 1,270.56 | 0.00 | 1,270.56 | 1,270.56 |
| | | | **Unsecured Claims** | | | | | |
| 1 | 11/21/16 | 300 | QUANTUM3 GROUP LLC AS AGENT FOR<br>MOMA FUNDING LLC<br>PO BOX 788<br>KIRKLAND, WA 98083-0788<br><7100-00 General Unsecured 726(a)(2)> | 405.76 | 405.76 | 0.00 | 405.76 | 405.76 |
| 2 | 12/05/16 | 300 | CAPITAL ONE BANK (USA), N.A.<br>PO BOX 71083<br>CHARLOTTE, NC 28272-1083<br><7100-00 General Unsecured 726(a)(2)> | 700.89 | 700.89 | 0.00 | 700.89 | 700.89 |
| 3 | 12/05/16 | 300 | CAPITAL ONE BANK (USA), N.A.<br>PO BOX 71083<br>CHARLOTTE, NC 28272-1083<br><7100-00 General Unsecured 726(a)(2)> | 2,774.65 | 2,774.65 | 0.00 | 2,774.65 | 2,774.65 |
| | | | **Total for Priority 300   100.61 % Paid** | 3,881.30 | 3,881.30 | 0.00 | 3,881.30 | 3,881.30 |
| | | | **Total for Unsecured Claims:** | 3,881.30 | 3,881.30 | 0.00 | 3,881.30 | 3,881.30 |
| | | | **Secured Claims** | | | | | |
| | | 999 | TRALON DURRETT<br>4048 206TH STREET<br>MATTESON, IL  60443<br><8200-00 Surplus Funds Paid to Debtor 726 (a)(6) (includes Payments to shareholders and limited partners)> | 872.62 | 872.62 | 0.00 | 872.62 | 872.62 |
| | | | **Total for Priority 999   100.00 % Paid** | 872.62 | 872.62 | 0.00 | 872.62 | 872.62 |
| | | | **Total for Secured Claims:** | 872.62 | 872.62 | 0.00 | 872.62 | 872.62 |
| | | | **Interest Claims** | | | | | |
| 1i | 11/21/16 | 640 | QUANTUM3 GROUP LLC AS AGENT FOR<br>MOMA FUNDING LLC<br>PO BOX 788<br>KIRKLAND, WA 98083-0788<br><7990-00 Surplus Case interest on General Unsecured 726(a)(2)> | 2.49 | 2.49 | 0.00 | 2.49 | 2.49 |
| 2i | 12/05/16 | 640 | CAPITAL ONE BANK (USA), N.A.<br>PO BOX 71083 | 4.29 | 4.29 | 0.00 | 4.29 | 4.29 |

## Exhibit C

## Analysis of Claims Register

### Case: 13-04024-PSH TRALON DURRETT

| Claim # | Date | Pri | Claimant Proof/<Category>/Memo | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment |
|---|---|---|---|---|---|---|---|---|
| | | | CHARLOTTE, NC 28272-1083 | | | | | |
| | | | <7990-00 Surplus Case interest on General Unsecured 726(a)(2)> | | | | | |
| 3i | 12/05/16 | 640 | CAPITAL ONE BANK (USA), N.A. PO BOX 71083 CHARLOTTE, NC 28272-1083 | 17.00 | 17.00 | 0.00 | 17.00 | 17.00 |
| | | | <7990-00 Surplus Case interest on General Unsecured 726(a)(2)> | | | | | |
| | **Total for Priority 640   100.00 % Paid** | | | **23.78** | **23.78** | **0.00** | **23.78** | **23.78** |
| | **Total for Interest Claims:** | | | **23.78** | **23.78** | **0.00** | **23.78** | **23.78** |
| | | | **Total for Case:** | **6,024.48** | **6,024.48** | **0.00** | **6,024.48** | **6,048.26** |

TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-04024
Case Name: TRALON DURRETT
Trustee Name: Miriam R. Stein

Balance on hand                                          $              6,048.26

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Miriam R. Stein | $          1,270.56 | $           0.00 | $          1,270.56 |

Total to be paid for chapter 7 administrative expenses        $              1,270.56

Remaining Balance                                             $              4,777.70

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00  must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 3,881.30  have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be  100.0  percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | QUANTUM3 GROUP LLC AS AGENT FOR | $            405.76 | $            0.00 | $            405.76 |
| 2 | CAPITAL ONE BANK (USA), N.A. | $            700.89 | $            0.00 | $            700.89 |
| 3 | CAPITAL ONE BANK (USA), N.A. | $          2,774.65 | $            0.00 | $          2,774.65 |

Total to be paid to timely general unsecured creditors        $            3,881.30

Remaining Balance                                             $              896.40

Tardily filed claims of general (unsecured) creditors totaling $ 0.00  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be  0.0  percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be  0.0  percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of  0.2  % pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $ 23.78 . The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $ 872.62 .